UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERTO QUIROZ, VICTORINO HERNANDEZ GONZALEZ, and JONATAN ALAMEDA PEREZ, on behalf of themselves, and other similarly situated employees,

Plaintiffs,

-against-

CAFE VENEZIA CORP., SHAUL ASHKENAZI, and MOSHE DAHAN,

Defendants.

Case No.: 15 Civ. 7053

**FLSA COMPLAINT**

---

Plaintiffs, Roberto Quiroz, Victorino Hernandez Gonzalez, and Jonatan Alameda Perez ("Plaintiffs"), by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against Defendants, Cafe Venezia Corp., or any other business entity doing business as Cafe Venezia, located 1391 Coney Island Avenue, Brooklyn, New York 11230 (herein, "Cafe Venezia"), and Shaul Ashkenazi and Moshe Dahan, individually, (collectively referred to herein as the "Defendants"), and state as follows:

### INTRODUCTION

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) compensation for misappropriated tips; (4) liquidated damages; (5) prejudgment and post-judgment interest; and, (6) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) compensation for misappropriated tips; (4) unpaid spread of hours

premiums; (5) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (6) pre-judgment and post-judgment interest; and, (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiffs are adult resident of Kings County, New York.

6. Defendant, Cafe Venezia Corp. is a domestic corporation, organized and existing under the laws of the State of New York, with a principal place of business located at 1391 Coney Island Avenue, Brooklyn, New York 11230.

7. Upon information and belief, Defendant, Shaul Ashkenazi, is an owner, officer, director and/or managing agent of Cafe Venezia, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of Cafe Venezia and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Cafe Venezia.

8. Upon information and belief, Defendant, Moshe Dahan, is an owner, officer, director and/or managing agent of Cafe Venezia, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of Cafe Venezia and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d)

2

and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Cafe Venezia.

9. Plaintiff Roberto Quiroz, was employed by the Defendants, in Kings County, New York, as a cook, for Defendants' restaurant, from approximately from approximately February 2006 until on or about September 17, 2015.

10. Plaintiff Victorino Hernandez Gonzalez, was employed by the Defendants, in Kings County, New York, as a kitchen preparation helper and waiter for Defendants' restaurant, from approximately August 2008 until on or about September 17, 2015.

11. Plaintiff Jonatan Alameda Perez, was employed by the Defendants, in Kings County, New York, as a waiter, for Defendants' restaurant, from approximately May 2011 until on or about August 2014.

12. At all relevant times, Cafe Venezia was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Cafe Venezia.

14. At all relevant times, the Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

## STATEMENT OF FACTS

### a. Roberto Quiroz

15. In or about February 2006, Plaintiff, Roberto Quiroz, was hired by the Defendants to work as a cook at Defendants' restaurant known as "Cafe Venezia", located at 1391 Coney Island Avenue, Brooklyn, New York.

16. Plaintiff Roberto Quiroz continued to work for the Defendants in such capacity until on or about September 17, 2015.

17. During Roberto Quiroz's employment by Defendants, he worked over forty (40) hours per week.

18. Plaintiff Roberto Quiroz normally worked approximately sixty-eight (68) hours each week. He was paid a daily rate, in cash, and was not paid proper overtime wages. He worked six (6) days per week.

19. Plaintiff Roberto Quiroz was paid a daily salary of $133.00 per day in 2015; $125.00 per day in 2014; $116.00 per day in 2013; $113.00 per day in 2012; $106.00 per day in 2011; and $100.00 per day in 2010 and prior thereto. Work performed above forty (40) hours per week was not paid at time and one-half his regular rate of pay, as required by state and federal law.

20. At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying an overtime premium (of time and one-half) to Plaintiff Roberto Quiroz for work performed over forty (40) hours in a workweek.

21. Plaintiff Roberto Quiroz was paid entirely in cash and not provided with a wage statement or any other documentation of his weekly hours, hourly rate, any deductions, and compensation.

22. Defendants often paid Plaintiff Roberto Quiroz for less hours than he actually worked.

### b. Victorino Hernandez Gonzalez

23. In or about August 2008, Plaintiff, Victorino Hernandez Gonzalez, was hired by the Defendants to work as a kitchen preparation helper and waiter at Defendants' restaurant known as "Cafe Venezia", located at 1391 Coney Island Avenue, Brooklyn, New York.

24. Plaintiff Victorino Hernandez Gonzalez continued to work for the Defendants in such capacity until on or about September 17, 2015.

25. Plaintiff Victorino Hernandez Gonzalez normally worked 11:00 a.m. until 5:00 p.m. in the kitchen; and 5:00 p.m. until closing time, as a waiter. He was not paid proper minimum wages for all hours worked. Plaintiff was paid a daily salary of $40.00 per day between 2008 and 2012; and $60.00 per day in 2013 and later. He was told that he was paid wages only for doing kitchen preparation work, and was paid no compensation, apart from his tips, for waiting tables.

26. Plaintiff was not paid for all hours worked, and he was paid less than minimum wage.

27. Plaintiff was not paid overtime compensation for hours worked above forty (40) each week.

28. Plaintiff was not paid any compensation for working as a waiter. He worked for tips only, and believes that some of his tips were not distributed to the wait staff.

29. At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying the wages to Plaintiff Victorino Hernandez Gonzalez for hours worked and overtime compensation for hours worked in excess of forty (40) each week. In addition, Defendants paid plaintiff Victorino Hernandez Gonzalez for less hours than he actually worked.

30. Plaintiff Victorino Hernandez Gonzalez was paid entirely in cash and not provided with a wage statement or any other documentation of his weekly hours, hourly rate, any deductions, and compensation.

### c. Jonatan Alameda Perez

31. In or about May 2011, Plaintiff, Jonatan Alameda Perez, was hired by the Defendants to work as a waiter at Defendants' restaurant known as "Cafe Venezia", located at 1391 Coney Island Avenue, Brooklyn, New York.

32. Plaintiff Jonatan Alameda Perez continued to work for the Defendants in such capacity until approximately August 2014.

33. During Jonatan Alameda Perez's employment by Defendants, he generally worked forty (40) to forty-four (44) hours per week. He was not paid proper wages. Plaintiff was not paid wages for all hours worked, but instead worked for tips.

34. Defendants did not distribute all of the tips earned by plaintiff to the wait staff.

35. Plaintiff was given a false statement of his wages.

36. At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage and overtime rate (of time and one-half) or the New York State minimum wage and overtime rate (of time and one-half) to Plaintiff Jonatan Alameda Perez for work performed.

37. Defendants paid Plaintiff Jonatan Alameda Perez for less hours than he actually worked.

38. Defendant, Shaul Ashkenazi, is an individual who, upon information and belief, owns the stock of Cafe Venezia, owns Cafe Venezia, and manages and makes all business

decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

39. Defendant, Moshe Dahan, is an individual who, upon information and belief, owns the stock of Cafe Venezia, owns Cafe Venezia, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

40. At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time and pay records.

41. Defendants kept track of plaintiffs' hours and pay only during part of their employment.

42. Defendants never provided any written notice to plaintiffs and payroll records kept by defendants are believed to be incomplete and false.

## COLLECTIVE ACTION ALLEGATIONS

43. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA wages or the New York State wages to Plaintiffs and other similarly situated employees.

44. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

45. Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute this FLSA claim as a collective action on behalf of all persons who are or were formerly employed by Defendant since December 2012 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at the rate of one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

46. Plaintiff brings this action individually and as class representatives on behalf of himself and all other current and former non-exempt cooks, kitchen helpers, dishwashers, bus persons, and waiters who currently are, or have been employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period"), and who did not receive proper wages, minimum wages for all hours worked, and overtime compensation for all hours worked above forty (40) per week (the "Collective Action Members").

47. Upon information and belief, the Collection Action Members are so numerous that joinder of all members is impracticable. The identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, the class is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

48. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

49. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.

50. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

51. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of law and fact common to Plaintiff and Collective Action Members are:

   a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

   b. Whether Plaintiffs and the Collective Action Members were improperly classified as exempt under the FLSA;

   c. Whether Defendants failed to pay wages for all hours worked, minimum wages, and overtime compensation for hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

   d. Whether Defendants' violations of the FLSA were willful as that term is used in the context of the FLSA;

   e. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, statutory, interest, costs, disbursements, and attorneys' fees.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

52. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "51" of this Complaint as if fully set forth herein.

53. At all relevant times, upon information and belief, the Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). At all relevant times, the Defendants employed Plaintiffs within the meaning of the FLSA.

54. Upon information and belief, at all relevant times, the Defendants had gross revenues in excess of $500,000.

55. Plaintiffs were entitled to be paid for all hours worked and at the rate of time and one-half the statutory minimum rate of pay for hours worked in excess of forty(40) each week.

56. At all relevant times, the Defendants had a policy and practice of refusing to pay wages for all hours worked, minimum wages for all hours worked, and overtime compensation at the statutory rate of time and one-half to Plaintiffs.

57. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

58. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs for their lawful wages, minimum wages, and overtime compensation, for hours worked when they knew or should have known such was due.

59. Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of

employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

60. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs which may be in the possession and custody of the Defendants may be false as Plaintiffs were not given a weekly statement of their hours and wages.

61. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

62. As a direct and proximate result of the Defendant's willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

63. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, minimum wages, and overtime compensation, plus an equal amount as liquidated damages, and prejudgment interest thereon.

64. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

65. Plaintiffs were never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit".

66. Defendants were not and are not entitled to take any "tip credits" under federal or state law because they: (i) failed to properly provide notice to all tipped employees, including Plaintiff, that Defendants were taking a "tip credit" in violation of the FLSA and New York Labor Law, and (ii) failed to pay tipped employees, including Plaintiffs, the proper minimum wage afforded to tipped employees, and (iii) failed to provide proper wage statements informing

tipped employees, including Plaintiffs, of the amount of "tip credit" taken for each payment period.

67. As a direct and proximate result of Defendants' disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

## COUNT II
### [Violation of the New York Labor Law]

68. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "67" of this Complaint as if fully set forth herein.

69. At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

70. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs wages for all hours worked; minimum wages; and overtime wages in the lawful amount for hours worked in excess of forty (40) hours per workweek.

71. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premiums to Plaintiffs for each day he worked ten (10) or more hours pursuant to New York State Department of Labor Regulations § 142-2.4.

72. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants their unpaid wages; minimum wages; overtime wages; unpaid "spread of hours" premiums; reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1), *et al.*, and § 198. Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

73. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "72" of this Complaint as if fully set forth herein.

74. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

75. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

76. Defendants did not provide Plaintiffs, with a written statement properly accounting for their actual hours worked, and setting forth his hourly rate of pay, regular wage, and/or overtime wages.

77. Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying them for their full hours worked; and, overtime due.

78. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

79. Plaintiffs, and similarly situated employees, were not provided with true and accurate wage statements as required by law.

80. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Roberto Quiroz, Victorino Hernandez Gonzalez, and Jonatan Alameda Perez, respectfully request that this Court grant the following relief:

(a) An award of unpaid wages, minimum wages, and overtime compensation due under the FLSA and New York Labor Law;

(b) An award of liquidated as a result of the Defendants' willful failure to pay overtime wages pursuant to 29 U.S.C. § 216;

(c) An award of liquidated damages and statutory penalties as a result of the Defendants' willful failure to pay wages pursuant to the New York Labor Law;

(d) An award of penalties for failing to comply with the annual and weekly notice requirements of the New York State Wage Theft Prevention Act;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and,

(g) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
November 23, 2015

Respectfully submitted,

CILENTI & COOPER, PLLC
**Attorneys for Plaintiffs**
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com

By: _____
Peter H. Cooper (PHC 4714)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Roberto Quiroz_, am an employee formerly employed by _Cafe Venezia_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_December 5_, 2015

Sworn to before me this _5th_
day of _December_ 2015.

_____
Notary Public

**PETER H. COOPER**
**Notary** Public, State of New **York**
No. 02CO5059941
**Qualified** in New York County
**Commission** Expires MAY 6, 20_18_

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Victorino Hernandez, am an employee formerly employed by Cafe Venezia, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
December 5, 2015

Sworn to before me this 5th
day of December 2015.

_____
Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in New York County
Commission Expires MAY 6, 20__

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Jonatan Alameda, am an employee formerly employed by Cafe Venezia, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
December 5, 2015

Sworn to before me this 5th day of December 2015.

_____
Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in New York County
Commission Expires MAY 6, 2018